NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VLADIMIR SANTIAGO-ESPINOZA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72991 <br><br> Agency No. A205-710-664 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

David Vladimir Santiago-Espinoza, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Because Santiago-Espinoza does not challenge the agency's determinations that asylum was time barred and that he failed to establish nexus to any protected ground, these issues are forfeited. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Santiago-Espinoza also does not challenge, and therefore forfeits, the agency's determination that he failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See id.*

We reject as unsupported by the record Santiago-Espinoza's contention that the BIA failed to adequately explain its decision or otherwise erred in its analysis.

Santiago-Espinoza's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

We lack jurisdiction to consider Santiago-Espinoza's contention that he is

2 17-72991

now eligible for cancellation of removal, because he failed to raise the issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**